IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALAN PATE,
      Petitioner,

vs.                      Case No.:  4:18cv306/MW/EMT

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner has filed a Motion for Injunctive Relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure (ECF No. 5).  Petitioner alleges he is not receiving proper medical treatment by the medical staff at Jefferson Correctional Institution, and that security officers are refusing to honor a medical pass for a lower bunk (*see id.*). Petitioner does not specifically state the relief he seeks from the court, but presumably he requests an injunction requiring medical staff to provide treatment, and requiring security staff to assign him to a lower bunk.

      The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.  *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district

court.  *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126

(11th Cir. 1997) (citation omitted).  The district court, however, must exercise its

discretion in light of whether:

1.    There is a substantial likelihood that the movant will prevail on the merits;

2.    There exists a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;

3.    The threatened injury to the movant outweighs the threatened harm an injunction will do to the non-moving party; and

4.    The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broad., Inc. v. Echostar Communc'n Corp.</u>, 265 F.3d 1193, 1200 (11th Cir.

2001) (citation omitted; <u>Carillon Imp., Ltd.</u>, 112 F.3d at 1126.  "A preliminary

injunction is an extraordinary and drastic remedy not to be granted unless the movant

clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad.,</u>

<u>Inc.</u>, 265 F.3d at 1200 (citation omitted).  Because the purpose of preliminary

injunctive relief is to preserve the status quo between the parties and to prevent

irreparable injury until the merits of the lawsuit itself can be reviewed, the relief

sought in the motion must be closely related to the conduct complained of in the

operative pleading (in this case, Petitioner's § 2241 petition). <u>Devose</u>, 42 F.3d at 471;

Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons

from whom the injunctive relief is sought must be parties to the underlying action.

*See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842,

842–43 (11th Cir. 1995).

Petitioner failed to satisfy his burden of showing that the relief sought in the

instant motion (medical treatment and a lower bunk assignment) is closely related to

the conduct complained of in his § 2241 petition (i.e., alleged due process violations

that occurred in a disciplinary proceeding in July of 2017, which resulted in the loss

of gain time).  Therefore, Petitioner's request for injunctive relief should be denied.[1]

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's Motion for Injunctive Relief (ECF No. 5) be **DENIED**.

At Pensacola, Florida, this 8th day of August 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] If, as Petitioner asserts, he is being denied medical treatment in violation of the Eighth Amendment, he may file a civil rights complaint under 42 U.S.C. § 1983.

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.