IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALAN PATE,
      Petitioner,

vs.                      Case No.:  4:18cv306/MW/EMT

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate of the Florida Department of Corrections ("FDOC"), proceeding pro se, commenced this case on June 27, 2018, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1).  Respondent filed an Answer to the petition (ECF No. 17).  The court provided Petitioner an opportunity to file a reply (ECF No. 19), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the

disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments demonstrate that Petitioner is not entitled to relief.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner is serving a sentence imposed by the Circuit Court in and for Orange County, Florida, Case No. 2004-CF-3519 (ECF No. 1 at 1).[1]  Petitioner's federal habeas petition challenges a prison disciplinary decision, Log #3120170759, issued on July 6, 2017 (*id.* at 2).[2]  Petitioner asserts that the disciplinary report ("DR") resulted in the loss of his eligibility to earn fifteen days of incentive gain time—he does not allege he lost any earned gain time (*id.* at 2, 7).  According to the DR, a copy of which Petitioner attached to his federal petition, the only disciplinary action taken by the disciplinary committee was assigning Petitioner to disciplinary confinement for forty-five days (ECF No. 1-1 at 30–31).

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

[2] Petitioner filed his petition under 28 U.S.C. § 2241 (*see* ECF No. 1).  Under Eleventh Circuit precedent, there is a single habeas corpus remedy for state prisoners in custody pursuant to the judgment of a state court, governed by both § 2241 and § 2254—the habeas corpus remedy is authorized by § 2241, but it is subject to the restrictions of § 2254.  *See Medberry v Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003).

Petitioner asserts he challenged the DR in a formal grievance to the warden of his institution, but the warden returned the grievance without processing (*see* ECF No. 1 at 2).  Petitioner states he appealed the warden's response to the FDOC's Central Office, but the FDOC Secretary's representative returned the appeal without action (*id.* at 3).  Petitioner states he then filed a petition for review in the Circuit Court in and for Leon County, Florida, but the state court dismissed it on February 16, 2018 (*see id.* at 3).

Petitioner filed the instant federal petition on June 27, 2018 (ECF No. 1).  Grounds One and Three of the petition challenge the DR on substantive and procedural federal due process grounds (*id.* at 6–7).  Ground Two asserts a federal due process challenge to the state circuit court's converting his petition for writ of certiorari to a petition for writ of mandamus, and then dismissing it (*id.* at 7).  As relief, Petitioner seeks an order requiring the state court to grant him a "due process hearing" (*id.* at 8).

Respondent contends Petitioner failed to exhaust all available administrative and state court remedies regarding his claims, and he is now procedurally barred from bringing such claims (ECF No. 17).  Respondent contends all of Petitioner claims should be dismissed for failure to satisfy the exhaustion requirement (*id.*).

## II.    DISCUSSION

The court is faced with a threshold issue of whether Petitioner's habeas petition was moot when filed.[3]  Under Eleventh Circuit precedent, where a prisoner has not suffered a loss of gain time and has completed an imposed term of administrative confinement before he files his federal habeas petition, the petition is "moot when filed and cannot be revived by collateral consequences."  *Medberry*, 351 F.3d at 1053 (internal quotation marks and citation omitted).

Here, Petitioner did not file his petition challenging the DR until nearly one year after issuance of the disciplinary committee's decision.  It is not contested that, at the time Petitioner filed his petition, he already had served his forty-five day sentence in disciplinary confinement and had been released from disciplinary confinement.  Further, Petitioner has not shown that the disciplinary proceeding affected the length of his confinement.  He argues that the DR will extend his sentence by fifteen days, not because he lost earned gain time but because the DR rendered him ineligible to earn fifteen days of incentive gain time (*see* ECF No. 1 at

---

[3] "Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties."  *Medberry*, 351 F.3d at 1054 n.3 (internal quotation marks and citation omitted).

2, 7; *see also* ECF No. 1-1 at 43–48).[4]   However, numerous courts have held that, under *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), there is no constitutionally protected liberty interest in the mere ability or opportunity to earn discretionarily awarded gain time.   *See Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006) (distinguishing between the divestment of credit already earned, which <u>does</u> implicate a liberty interest, and the loss of the opportunity to earn credits that are discretionarily awarded, which <u>does not</u> involve a constitutionally protected liberty interest); *Abed v. Armstrong*, 209 F.3d 63, 66–67 (2nd Cir. 2000) (holding that although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where, as here, prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (applying *Sandin* and holding that the loss of the opportunity to earn gain time is not a constitutionally protected liberty interest); *see also, e.g., Hartley v. Warden*, 352 F. App'x 368, 371 (11th Cir. 2009) (Florida law created no legitimate expectation that inmate would earn incentive gain-time for

---

[4] In the body of Petitioner's federal habeas petition, he does not specify the type of gain time, but he has specified it as incentive gain time in the attachments he submitted with his petition (*see* ECF No. 1-1 at 43–48).

satisfactory behavior, and inmate thus failed to show denial of federal right as required for habeas relief from loss of eligibility to earn gain-time following a disciplinary proceeding) (unpublished but recognized as persuasive authority); *Gross v. Jail*, No. 3:16cv190/RV/EMT, 2016 WL 4522674, at *2 (N.D. Fla. July 27, 2016), *Report and Recommendation Adopted by* 2016 WL 4522181 (N.D. Fla. Aug. 29, 2016) (same); *Mathews v. Crews*, No. 4:12cv373/WS/CAS, 2013 WL 3991962, at *3 (N.D. Fla. Aug. 5, 2013) (same); *Blome v. Tucker*, No. 1:12cv73/MMP/GRJ, 2012 WL 1700835, at *3 (N.D. Fla. Apr. 12, 2012) (same), *Report and Recommendation Adopted by* 2012 WL 1700706 (N.D. Fla. May 15, 2012); *Adamson v. McNeil*, No. 3:08cv274/MCR/EMT, 2010 WL 4851201, at *2 (N.D. Fla. Oct. 13, 2010) (same).

Because Petitioner's federal  petition was moot when filed, it should be dismissed.

Additionally, although Petitioner does not request that the court construe his claims as civil rights claims under 42 U.S.C. § 1983, his claims would be subject to dismissal even if the court construed them as such.  The court is statutorily required to review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or an officer or employee thereof.  *See* 28 U.S.C. § 1915A(a).

On review, the court must dismiss the complaint if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

A prisoner's liberty interest under the Due Process Clause is necessarily circumscribed "by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Thus, an inmate validly claims the violation of a protected liberty interest when he identifies state actions that unexpectedly alter his term of imprisonment or impose an atypical and significant hardship relative to ordinary prison life. *See Sandin*, 515 U.S. at 484.

A hallmark example of action that unexpectedly alters an inmate's term of imprisonment is the revocation of good-time credit. *See Wolff*, 418 U.S. at 555–58, (holding that loss of good-time credit implicates a protected liberty interest). Atypical and significant hardship exists when the confinement at issue presents a dramatic departure from the ordinary conditions of prison life. *See Sandin*, 515 U.S. at 485–86.

*Wolff* states that a set of procedures must accompany disciplinary hearings when they result in a loss of good-time credit. *Wolff*, 418 U.S. at 556–58, 563–71. However, when a prisoner has not lost any good-time credit (as here), *Wolff* does not apply. Instead, a liberty interest protected by the Due Process Clause may be alleged

as described in *Sandin*.  *See Sandin*, 515 U.S. at 484.  But the Due Process Clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."  *Id.* at 478.

Here, Petitioner does not allege that the conditions during his forty-five day stay in disciplinary confinement imposed an "atypical and significant hardship" relative to ordinary prison life.  *Sandin*, 515 U.S. at 484.  Further, atypical and significant hardships must generally exist for a significant period of time.  *Compare Sandin*, 515 U.S. at 486 (30 days of disciplinary segregation was not an atypical and significant hardship where conditions basically mirror conditions imposed upon inmates in administrative segregation and protective custody), *and Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (per curiam) (60 days of administrative confinement was not an atypical and significant hardship), *with Magluta v. Samples*, 375 F.3d 1269, 1282 (11th Cir. 2004) (500 days of solitary confinement was sufficient), *and Williams v. Fountain*, 77 F.3d 372, 374 n.3 (11th Cir. 1996) (one year of solitary confinement was sufficient).  Petitioner's disciplinary confinement continued for, at most, forty-five days.

Atypical and significant hardships must also be severe relative to regular prison.  *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 223–24, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005) (prisoner was confined indefinitely in a cell illuminated twenty-

four hours per day, deprived of almost all human contact, allowed to exercise for only one hour per day in a small indoor room, and disqualified from parole consideration); *Magluta*, 375 F.3d at 1282 (prisoner was kept in "an extremely small, closet-sized space" and deprived of almost any human contact). Here, Petitioner does not allege that the conditions in disciplinary confinement were severe or otherwise represented a "dramatic departure" from ordinary prison life. *Sandin*, 515 U.S. at 485.

In sum, Petitioner's disciplinary hearing resulted in no loss of earned gain time, and he does not allege that the conditions of his forty-five day stint in disciplinary confinement constituted an atypical and severe hardship. Therefore, Petitioner's substantive and procedural due process claims fail to implicate a constitutionally protected liberty interest, and thus fail to state a plausible claim upon which relief may be granted.

## III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus (ECF No. 1) be

**DISMISSED**.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6<u>th</u> day of May 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**